# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DUSTIN PHILLIP ERON,**

       **Plaintiff,**

    **v.**                                       **Case No. 10-C-631**

**DR. BRET REYNOLDS,**

       **Defendant.**

---

## ORDER

---

The plaintiff, Dustin Phillip Eron, a state prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.  This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.  The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes.  Venue is proper under 28 U.S.C. § 1391.  The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 72 (E.D. Wis.).  The plaintiff consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

The plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. § 1915(b)(1).  If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis.  The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as

required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.73.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009).  Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct."  Iqbal, 129 S. Ct. at 1950.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.  Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction.  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

2

The plaintiff alleges that the Institution Psychiatrist at New Lisbon Correctional Institution, Dr. Bret Reynolds, refused to prescribe medications that another doctor had deemed necessary for the plaintiff's mental stability, and that the plaintiff attempted suicide as a result.  The plaintiff put in a request to see Dr. Reynolds on September 4, 2008, to discuss his mental health disorders and the medications he was supposed to be on.  Dr. Reynolds did not evaluate the plaintiff, but wrote back that based on a file review he did not feel that giving the plaintiff medications was the answer. After two weeks, the plaintiff could not take the voices and depression any longer and he tried to commit suicide in his cell by slicing his forearm with a razor and over-dosing on ibuprofen tablets. Three days later, Dr. Reynolds finally saw the plaintiff and stated that he still stood by his decision. Despite multiple requests to be seen, the plaintiff did not see Dr. Reynolds again.  As relief, the plaintiff seeks $500,000 and a formal letter of apology from Dr. Reynolds.

The Eighth Amendment bans "cruel and unusual punishments" and prison officials are therefore required "to take reasonable measures to guarantee the safety of inmates." Minix v. Canarecci, 597 F.5d 824, 830 (7th Cir. 2010).  A § 1983 claim based upon an Eighth Amendment violation has two elements: "(1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk." Id. at 831.  In cases involving a prisoner's "suicide or attempted suicide, the second, subjective component of an Eighth Amendment claim requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." Collins v. Seeman, 462 F.3d 757, 761 (7th Cir. 2006).

3

At this stage in the proceedings, Eron has adequately stated a claim that Dr. Eron violated his Eighth Amendment rights by failing to provide psychiatric care that could have prevented his suicide attempt.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.27 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of Green Bay Correctional Institution, where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Honorable Aaron E. Goodstein

4

% Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this <u>13th</u> day of October, 2010.

BY THE COURT:

<u>s/AARON E. GOODSTEIN</u>
United States Magistrate Judge

5